IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ETHAN WELLS, | ) | |
| | ) | Case No: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHARKNINJA OPERATING LLC, | ) | |
| and KOHL'S DEPARTMENT | ) | |
| STORES, INC. | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Now comes ETHAN WELLS ("Plaintiff"), complaining as to SHARKNINJA OPERATING LLC and KOHL'S DEPARTMENT STORES, INC. ("Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Ohio Products Liability Act under Ohio Rev. Code Ann. § 2307.71 *et seq.* and under Ohio Rev. Code §§ 1302.26 and 1302.27, governing commercial transactions, as well as the common law.

### PARTIES

2. Plaintiff is in individual residing in Mt. Vernon, Ohio.

3. On information and reference, Defendant SharkNinja Operating LLC is a limited liability company organized and existing under the laws of the State of Delaware and has its principal place of business in Needham, Massachusetts.

[ 1 ]

4. On information and reference, Defendant Kohl's Department Stores, Inc., is a corporation incorporated in the State of Delaware with its principal place of business in Menomonee, Wisconsin.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff is an individual and a citizen of the State of Ohio. Defendant SharkNinja is a Delaware company with its principal place of business in Massachusetts. Defendant Kohl's is a Delaware corporation with its principal place of business in Wisconsin. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

6. Defendants are subject to personal jurisdiction in this district because Defendants regularly transact business in this district by, among other things, selling or offering to sell products to customers located in this district.

7. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in the Southern District of Ohio.

## BACKGROUND

8. In about 2017, Plaintiff's family bought a BL642-30 Ninja blender (the "blender") at a Kohl's department store for household use.

9. In March 2021, Plaintiff's younger sister, Eve, used the blender to make a fruit smoothie.

[ 2 ]

10. Evie used the regular 24 oz Nutri Ninja cup, depicted as item "b" on page 10 of the Ninja BL642 Owner's guide, to make the smoothie.

11. To ensure that the Nutri Ninja cup was not overfull, Evie left sufficient empty space in the cup.

12. After making the smoothie, Evie was unable to unscrew the lid of the Nutri Ninja cup.

13. Evie enlisted the help of Plaintiff to unscrew the lid.

14. Unknown to Evie or Plaintiff, due to the defectiveness of the BL642-30 Ninja blender product, the Nutri Ninja cup had built up dangerous levels of air pressure during the smoothie-making process.

15. When Plaintiff unscrewed the lid of the Nutri-Ninja cup, the Pro Extractor Blades (depicted as item "d" on page 10 of the Owner's guide) ejected from the cup at high speed.

16. The Pro Extractor Blades made at least three gashes in Plaintiff's face.

17. The upward force with which the Nutri Ninja cup ejected the Pro Extractor Blades was so high that the Pro Extractor Blades then struck and lodged into the wooden ceiling above Plaintiff, damaging the house.

18. Plaintiff was temporarily blinded and suffered a significant bruise to his forehead.

19. In the emergency room, Plaintiff was diagnosed with a contusion of the face.

20. To save Plaintiff's vision, medical professionals had to give Plaintiff fifteen shots in his eye.

21. Plaintiff was also required to undergo an MRI, to sleep upright, and to have painful stitching in his eyebrows.

22. Plaintiff has suffered scarring to his face.

23. Plaintiff had considered a career as a model, but this scarring severely lowers his prospects of obtaining modeling jobs.

24. Plaintiff's damages include but are not limited to pain and suffering; disfigurement of his face; loss of future income; medical bills for his treatment; temporary loss of vision; some ongoing issued related to disrupted vision; an increased risk of early blindness; and damage to the ceiling in his family home.

25. This is not the first time the DL642 blender manufactured by Defendant SharkNinja has exploded and injured a person.

26. In the last two years, multiple lawsuits have been filed against Defendant SharkNinja based on injuries caused by the DL642 blender exploding. *See, e.g., Flaggs v. SharkNinja Operating LLC*, 4:19-CV-02326 (E.D. Mo. 2019); *Gallo, et al. v. Bj's Wholesale Club, et al.*, 1:20-CV-22907 (S.D. Fla. 2020); and *Nieves v. SharkNinja Operating LLC*, N20C-01-125 (Del. Sup. Ct. 2020).

27. Other blenders manufactured by Defendant SharkNinja with a similar design have also been the subject of suits brought for injuries caused by pressure building up in the cup causing an explosion. *See, e.g., Thompson v. SharkNinja Operating LLC*, 2:21-CV-106 (S.D. Ind. 2021).

28. Defendant SharkNinja has known the potential that its blenders have for exploding due to a build-up of pressure, yet has made no effort to protect its customers from these harms.

29. On information and belief, Defendant Koh's Department Stores, Inc., was also aware of these dangers, yet did not warn its customers of the dangers; did not recall the dangerous blender in question; and continued to sell the DL642 blender.

## COUNT I — DEFECTIVE MANUFACTURE

30. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully rewritten herein.

31. At all times pertinent hereto, the blender deviated in a material way from the design specifications, formula, or performance standards of the manufacture, Defendant SharkNinja.

32. As a direct and proximate result of Defendant SharkNinja's defective manufacture, Plaintiff has permanently suffered injury to his person, causing physical pain, mental distress, anxiety, physical impairment, and loss of enjoyment of life.

33. As a direct and proximate result of Defendant SharkNinja's defective manufacture, Plaintiff has incurred reasonable expenses for necessary medical treatment and will incur such medical expenses into the indefinite future.

34. As a direct and proximate result of Defendant SharkNinja's defective manufacture, Plaintiff has lost wages and employment opportunities, and such loses continue into the indefinite future.

## COUNT II — DEFECTIVE DESIGN

35. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully rewritten herein.

36. At all times pertinent hereto, the foreseeable risks associated with the design of the blender exceeded the benefits associated with the design.

37. As a direct and proximate result of Defendant SharkNinja's defective design, Plaintiff has permanently suffered injury to his person, causing physical pain, mental distress, anxiety, physical impairment, and loss of enjoyment of life.

38. As a direct and proximate result of Defendant SharkNinja's defective design, Plaintiff has incurred reasonable expenses for necessary medical treatment and will incur such medical expenses into the indefinite future.

39. As a direct and proximate result of Defendant SharkNinja's defective design, Plaintiff has lost wages and employment opportunities, and such loses continue into the indefinite future.

## COUNT III — INADEQUATE WARNING/INSTRUCTION

40. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully rewritten herein.

41. At all times pertinent hereto, the manufacturer of the blender, Defendant SharkNinja, knew, or in the exercise of reasonable care should have known, of certain risks associated with the blender that directly and proximately caused the harm to the Plaintiff described above.

42. At all times pertinent hereto, the manufacturer of the blender, Defendant SharkNinja failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risks described in this Complaint in light of the likelihood that the product would cause harm of the type described in this Complaint and in light of the seriousness of that harm.

43. At all times pertinent hereto, the manufacturer of the blender, Defendant SharkNinja failed to provide the post-marketing warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risks described in this Complaint in light of the likelihood that the product would cause harm of the type described in this Complaint and in light of the seriousness of that harm.

44. As a direct and proximate result of Defendant SharkNinja's inadequate warning and/or instruction, Plaintiff has permanently suffered injury to his person, causing physical pain, mental distress, anxiety, physical impairment, and loss of enjoyment of life.

45. As a direct and proximate result of Defendant SharkNinja's inadequate warning and/or instruction, Plaintiff has incurred reasonable expenses for necessary medical treatment and will incur such medical expenses into the indefinite future.

46. As a direct and proximate result of Defendant SharkNinja's inadequate warning and/or instruction, Plaintiff has lost wages and employment opportunities, and such loses continue into the indefinite future.

### COUNT IV — NONCONFORMANCE WITH MANUFACTURER'S REPRESENTATIONS

47. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully rewritten herein.

48. At all times pertinent hereto, the blender did not conform, when it left the control of the manufacturer, Defendant SharkNinja, to a representation made by the manufacturer.

49. As a direct and proximate result of the blender's nonconformance to Defendant SharkNinja's representations, Plaintiff has permanently suffered injury to his person, causing physical pain, mental distress, anxiety, physical impairment, and loss of enjoyment of life.

50. As a direct and proximate result of the blender's nonconformance to Defendant SharkNinja's representations, Plaintiff has incurred reasonable expenses for necessary medical treatment and will incur such medical expenses into the indefinite future.

51. As a direct and proximate result of the blender's nonconformance to Defendant SharkNinja's representations, Plaintiff has lost wages and employment opportunities, and such loses continue into the indefinite future.

### COUNT V — SUPPLIER'S LIABILITY
### (AGAINST DEFENDANT KOHL'S DEPARTMENT STORES, INC.)

52. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully rewritten herein.

53. On or about March 2017, Defendant Kohl's negligently sold the blender to Plaintiff's mother.

54. At all times pertinent hereto, the hand mixer did not conform to an implied representation made by Defendant Kohl's that the product was safe, and such a failure was a direct and proximate cause of the injuries suffered by Plaintiff described in the Complaint above.

55. As a direct and proximate result of Defendant Kohl's negligence and the fact that the blender did not conform to a representation made by Defendant Kohl's, Plaintiff suffered the injuries described in the Complaint above.

56. Moreover, Defendant Kohl's breached its duty of care to Plaintiff by failing to warn him of the danger of the product; failing to recall the product to prevent harm to Plaintiff; and failing to cease selling the product, all of which constitute negligence on its part.

### COUNT VI — BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY (AGAINST BOTH DEFENDANTS)

57. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully rewritten herein.

58. Plaintiff is a natural person in the family and household of the buyer of the blender, and Plaintiff suffered an injury to his person.

59. At the time of purchase, Defendants SharkNinja and Defendant Kohl's implicitly warranted to Plaintiff's mother that the blender was merchantable.

60. At all times pertinent hereto, the blender was not have passed without objection in the trade, was not fit for the ordinary purposes for which a blender is used, and was otherwise non-merchantable.

61. As a direct and proximate result of Defendants SharkNinja and Kohl's breach of implied warranty of merchantability, Plaintiff suffered an injury in person.

62. Although Defendant SharkNinja has purported, in its user manual, to disclaim certain warranties, any attempted or purported disclaimer of the warranty of merchantability was legally ineffective because it failed (among other things) to explicitly mention the warranty of merchantability.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. compensatory damages to be determined at trial, in excess of $75,000.00 exclusive of interest and costs;

b. punitive and/or exemplary damages to be determined at trial;

c. pre- and post-judgment interest;

d. costs incurred herein; and,

e. any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED**

Dated: 6/2/2021

By: s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
7544 Slate Ridge Blvd.
Reynoldsburg, OH 43068
Tel: (614) 992-2277
Fax: (614) 927-5980
jhilton@hiltonparker.com
*Attorney for Plaintiff*

[ 11 ]